Dr. Thomas M. Vernon Executive Director Colorado Department of Health 4210 E. Eleventh Avenue Denver, Colorado 80220
Dear Dr. Vernon:
This opinion is in response to your January 25, 1985 letter in which you requested an opinion regarding the State of Colorado's ability to condemn properties under the Uranium Mill Tailing Remedial Action Program ("UMTRAP") and an indication as to what statutory change would be necessary to provide condemnation authority.
QUESTION PRESENTED AND CONCLUSION
Your request for an attorney general's opinion presents the question:
Does Department of Health authority to acquire property pursuant to subsection 25-11-303(1)(d), C.R.S. (1982) include condemnation authority?
 Condemnation authority is vested in the state and may not be exercised in the absence of an express or necessarily implied statutory delegation. My opinion is that the Colorado General Assembly has neither expressly nor impliedly delegated condemnation authority in subsection 25-11-303(1)(d), C.R.S. (1982); and therefore, the Department of Health does not have the ability to condemn property for UMTRAP purposes.
ANALYSIS
The Radiation Control Act, section 25-11-303, C.R.S. (1982), authorizes the Department of Health to participate in implementation of the "Uranium Mill Tailings Radiation Control Act of 1978." Pursuant to subsection 25-11-303(1)(d), C.R.S. (1982), the department has authority to:
 (d) Acquire and dispose of any designated processing site, including any interest in such site, and any site to be used for the permanent disposition and stabilization of residual radioactive materials;
This authority to acquire property is an authority to acquire property by gift, transfer, or negotiated purchase, and does not expressly include the power of eminent domain or condemnation authority over designated processing and disposal sites.
This interpretation is supported by Colorado case law. With respect to the power of eminent domain, the Colorado Supreme Court has stated:
 It is fundamental that the power of eminent domain is vested in the State of Colorado. Such power may not be exercised by a governmental subdivision or other entity unless the power has been delegated to them by the general assembly.
Board of County Commissioners of the County of Arapahoe v.Intermountain Rural Electric Association, 655 P.2d 831,833 (Colo. 1982). In Mack v. Town ofCraig, 68 Colo. 337, 338-339, 919 P. 101 (1920), the supreme court quoted with approval Lewis on Eminent Domain:
 The authority to condemn must be expressly given or necessarily implied. The exercise of the power being against common rights, it cannot be implied or inferred from vague or doubtful language, but must be given in express terms or by necessary implication. When the right to exercise the power can only be made out by arguing inference, it does not exist. . . . If the act is silent on the subject, and the powers given by it can be exercised without resort to condemnation, it is presumed that the legislature intended that the property should be acquired by contract.
The supreme court reaffirmed this analysis in Board ofCounty Commissioners of the County of Arapahoe v.Intermountain Rural Electric Association, 655 P.2d 831, 834
(Colo. 1982).
It is clear that section 25-11-303(1)(d) neither expressly nor impliedly confers condemnation authority upon the Department of Health. The act is silent on the subject, and the authority to acquire sites can be exercised without resort to condemnation. Therefore, the department may acquire sites for UMTRAP purposes only by gift, transfer, or negotiated purchase (contract).
A statutory amendment to subsection 25-11-303(1)(d) would be required in order to confer condemnation authority upon the department for UMTRAP purposes. Such amendment would have to expressly delegate the power of eminent domain to the department and should prescribe proceedings for the exercise of such authority.
The "Relocation Assistance and Land Acquisition Policies Act," sections 24-56-101 to 121, C.R.S. (1982), applies to all real property acquisitions for a program or project for which federal assistance will be available to pay all or part of the costs. This Act contains a policy preference for negotiated purchase. Section 24-56-117, C.R.S. (1982). Therefore, even if the department had condemnation authority, the department would nonetheless have to make every reasonable effort to acquire by purchase, unless the statutory amendment indicated otherwise.
SUMMARY
Condemnation authority must be expressly or impliedly delegated by the legislature. The "Radiation Control Act" does not contain such expressed or implied delegation of authority to the department; and in its absence, the department does not have the power of eminent domain for UMTRAP purposes. A statutory amendment to section 25-11-303 would be required to confer such condemnation authority upon the department. Even if the department had condemnation authority, there is nonetheless a stated policy preference for acquisition of property by negotiated purchase where a state agency is to acquire real property for a program or project for which federal financial assistance will be available to pay all or any part of the cost of such program or project. Section 24-56-117, C.R.S. (1982).
Very truly yours,
 DUANE WOODARD Attorney General
HEALTH CONDEMNATION PROCEEDINGS SOLID AND HAZARDOUS WASTE
Section 25-11-303(1)(d), C.R.S. (1982)
HEALTH, DEPT. OF
The Department of Health does not have condemnation authority for UMTRAP purposes. Condemnation authority must be expressly or impliedly delegated; the "Radiation Control Act," subsection25-11-303(1)(d), C.R.S. (1982), contains no such delegation.